11-2946-ag
Alvarez v. Holder

BIA
Straus, IJ
A088 006 199

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand twelve.

PRESENT:
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
RAYMOND J. LOHIER, Jr.,
        *Circuit Judges.*

_____

DIVIER ALVAREZ,
        *Petitioner,*

        v.                                    11-2946-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Jon E. Jessen, Stamford,
                        Connecticut.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Song Park, Senior
                        Litigation Counsel; Timothy G.
                        Hayes, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Divier Alvarez, a native and citizen of Colombia, seeks review of a June 30, 2011, order of the BIA affirming the March 10, 2010, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Divier Alvarez*, No. A088 006 199 (B.I.A. June 30, 2011), *aff'g* No. A088 006 199 (Immig. Ct. Hartford Mar. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Alvarez challenges the agency's denial of his application for withholding of removal. However, the agency

2

reasonably found that the harm Alvarez personally suffered —
a warning letter from the Revolutionary Armed Forces of
Colombia ("FARC") over a land dispute and a general threat
not to report the kidnaping of his brother — was, when
considered in the aggregate, insufficiently severe to
constitute persecution. *See Ivanishvili v. U.S. Dep't of
Justice*, 433 F.3d 332, 341-42 (2d Cir. 2006); *Gui Ci Pan v.
U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (per
curiam). As the agency reasonably concluded that Alvarez
did not suffer past persecution, he is not entitled to a
presumption of future persecution. *See* 8 C.F.R.
§ 1208.16(b)(1).

To the extent Alvarez argues that he established a
clear probability of future persecution independent from his
claim of past persecution, he has not identified any record
evidence or testimony to support this position. *See Jian
Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (a fear
is speculative and not objectively reasonable if it lacks
"solid support in the record"). As the agency reasonably
determined that Alvarez failed to demonstrate that he
suffered past persecution or established a clear probability
of future persecution, the agency did not err in denying his

3

application for withholding of removal. *See Ivanishvili*, 433 F.3d at 341; *Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d at 412.

Alvarez also argues that the IJ did not enter an explicit credibility finding in his decision. While Alvarez is correct, the IJ's oversight was harmless because his decision implicitly credited Alvarez's testimony and denied Alvarez's claim on the merits. *See*, *e.g.*, *Ajdin v. Bureau of Citizenship and Immigration Services*, 437 F.3d 261, 266 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4